Ismael CORNEJO–REYES, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 11–73235.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2012.*

Filed Nov. 16, 2012.

Peter James Musser, Peter James Musser A Professional Corporation, Vista, CA, for Petitioner.

R. Alexander Goring, Esquire, Trial, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Ismael Cornejo–Reyes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen to seek adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we grant the petition for review.

The BIA abused its discretion in denying Cornejo–Reyes' motion to reopen for failure to present sufficient evidence of a bona fide marriage to a United States citizen where the evidence demonstrated that Cornejo–Reyes had known his wife for at least six years prior to marriage, the couple lived together prior to marriage, and his new wife was pregnant with his child. *See Matter of Velarde–Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002) (en banc) (finding evidence that respondent and his wife lived together prior to marriage and their United States citizen son's birth certificate to constitute clear and convincing evidence of a bona fide marriage).

We remand to the BIA for further proceedings consistent with this disposition.

We dismiss as moot Cornejo–Reyes' September 4, 2012, motion to remand to the BIA.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

